UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ms. Daniel Patrick Benz-Whitebird, | Case No. 23-cv-469 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Schnell et al., | |
| Defendants. | |

Plaintiff Daniel Patrick Benz-Whitebird filed this civil rights action pursuant to 42 U.S.C. § 1983. Ms. Benz-Whitebird did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP") (*see* ECF No. 2). Ms. Benz-Whitebird also filed a Motion to Appoint Counsel ("Motion to Appoint") (ECF No. 5). Her IFP application and Motion to Appoint are now before the Court.

**I.    IFP Application**

Because Ms. Benz-Whitebird is a prisoner, her IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> > (A) the average monthly deposits to the prisoner's account; or
> >
> > (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint ….
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the

1

> preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action ….
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action … for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and section 1915(b)(2) requires prisoners to pay the remaining balance in installments through regular deductions from their prison trust accounts.

In this case, Ms. Benz-Whitebird's trust account statement shows that the amount of her average monthly deposits during the preceding six-month period was $128.26, while her average balance during the same period was $30.23. (*See* (ECF No. 2.) Because the deposit amount exceeds the balance amount, Ms. Benz-Whitebird's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), is 20% of the average deposit amount, or $25.65. This action will not go forward until Ms. Benz-Whitebird pays the $25.65 initial partial filing fee in full. If Ms. Benz-Whitebird elects to pursue this action by paying the $25.65 initial partial filing

2

fee, she will have to pay <u>the entirety of the remaining balance of the $350.00 statutory filing fee in later installments</u>.[1] Prison officials will be ordered to deduct funds from her prison trust account to submit to the Court, as provided by section 1915(b)(2), regardless of whether she succeeds in this action.[2]  **<u>If Ms. Benz-Whitebird does not pay the $25.65 initial partial filing fee on or before May 9, 2023, the Court may recommend dismissing this case without prejudice for lack of prosecution.  (See Fed. R. Civ. P. 41(b).)</u>**

II.     **Motion to Appoint**

Ms. Benz-Whitebird also seeks the appointment of counsel (ECF No.5). She argues the Court should appoint counsel because: (1) she is unable to afford counsel; (2) the issues involved in the case are very complex; (3) she has limited access to legal resources; (4) she alleges that she requires an expert witness in this matter; (5) several attorneys she has sought representation from have not responded to her; and (6) she has limited knowledge of the law and the District's procedures. (*Id.*)

There is no constitutional or statutory right to appointed counsel in civil litigation. *See, e.g.*, *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (quoting *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). Whether to appoint counsel in a civil proceeding like this one is a decision "committed to the discretion of the trial court." *McCall v. Benson*, 114

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On December 1, 2020, the district courts began assessingan additional $52.00 administrative fee, raising the total fee to $402.00.  The PLRA, however, applies only to the statutory filing fee.  Thus, Ms. Benz-Whitebird is only required to pay the unpaid balance of the $350.00 statutory filing fee — not the $402.00 total fee — in installments pursuant to § 1915(b)(2).

[2] The Court further cautions Ms. Benz-Whitebird that, pursuant to 28 U.S.C. § 1915(g): "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding … if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

F.3d 754, 756 (8th Cir. 1997) (citing cases). Factors to consider include "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier*, 973 F.3d at 889 (citing cases).

The Court recognizes Ms. Benz-Whitebird's strong desire for the appointment of counsel. At the present time, however, the Court has no reason to believe this action is particularly complex, factually or legally. The Court also believes that Ms. Benz-Whitebird has been able to express her positions and allegations with sufficient clarity. And at this early stage in the proceeding, there is no need to appoint counsel because of possible future conflicting testimony. The *Croizer* factors weigh in favor of denying Ms. Benz-Whitebird's request for appointment of counsel at this stage in the litigation.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Daniel Patrick Benz-Whitebird must pay an initial partial filing fee of at least $25.65 on or before May 9, 2023;

2. Should Ms. Benz-Whitebird fail to pay the initial partial filing fee, the Court will likely recommend dismissing this action without prejudice for failure to prosecute; and

3. Ms. Benz-Whitebird's Motion to Appoint Counsel (ECF No. [5]) is **DENIED WITHOUT PREJUDICE**.

Dated: April 18, 2023                     *s/ Dulce J. Foster*
                                          Dulce J. Foster
                                          United States Magistrate Judge